FRANK, Chief Judge.
Rafael Rodriguez, and his co-defendant, Hebert Aloma were arrested at the Sea-breeze Restaurant where Aloma sold approximately 28 grams of cocaine to a confidential informant. Prior to the arrests, a Hillsbor-ough County Sheriffs detective observed Rodriguez and Aloma enter a parking lot adjacent to the restaurant. Aloma and Rodriguez exited the car and Aloma approached the confidential informant. Rodriguez, however, walked in a different direction toward a dock behind the restaurant. After the confidential informant gave a prearranged signal, Aloma and Rodriguez were arrested. Rodriguez was asked if he understood the purpose behind Aloma’s meeting with the informant and he acknowledged that he “knew [Aloma] came here to sell cocaine to someone else, and I’m just acting as a ride for him.” A search of Rodriguez revealed no drugs, money or weapons. He was charged with and convicted of conspiracy to deliver cocaine. He correctly contends that the prosecution failed to establish all the elements of the offense.
Although the record reveals that Aloma and the confidential informant planned this drug transaction, no evidence suggests that Rodriguez participated in its formulation or execution. Thus, at the most, Rodriguez’s involvement was limited to aiding and abetting Aloma’s drug trafficking, a crime, we hasten to add, with which Rodriguez was not charged. Where, as here, a defendant’s link to the criminal enterprise appears to have been minimal, and does not emerge as the product of a consensual undertaking, the elements of a conspiracy are not satisfied. See, e.g., Jimenez v. State, 535 So.2d 343 (Fla. 2d DCA 1988); Pennington v. State, 526 So.2d 87 (Fla. 4th DCA 1987), approved, 534 So.2d 393 (Fla.1988); Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980).
Accordingly, the trial court erred in denying Rodriguez’s motion for judgment of acquittal. We reverse and remand for the entry of a judgment consistent with this opinion.
DANAHY and PATTERSON, JJ., concur.