780 So.2d 920 (2001)
Myron SHERIFF, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3878.
District Court of Appeal of Florida, Fourth District.
January 17, 2001.
*921 Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Myron Sheriff appeals from his conviction and sentence for conspiracy to traffic in heroin. Because the state failed to present sufficient evidence of a conspiracy, we reverse.
A conspiracy is an express or implied agreement or understanding between two or more persons to commit a criminal offense. See Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979). To prove the crime of conspiracy, the state must prove an agreement and an intention to commit an offense. See Saint Louis v. State, 561 So.2d 628 (Fla. 2d DCA 1990). Conspiracy is a separate and distinct crime from the offense that is the object of the conspiracy. Ramirez, 371 So.2d at 1065. Evidence that a defendant aided and abetted the commission of the substantive offense is insufficient to prove that the defendant participated in the conspiracy. Voto v. State, 509 So.2d 1291 (Fla. 4th DCA 1987); LaPolla v. State, 504 So.2d 1353 (Fla. 4th DCA 1987).
A review of the record in this case shows that the state failed to present sufficient evidence to prove that appellant entered into an agreement to traffic in heroin with co-defendant Laura Arroyo or an uncharged co-conspirator identified as "Solon." At most, the evidence showed only an agreement between appellant and Siegel, a confidential informant acting as a law enforcement agent. It is well-settled that where one of two co-conspirators is a government agent there can be no conspiracy. King v. State, 104 So.2d 730, 732 (Fla.1957); LaPolla, 504 So.2d at 1357; Edwards v. State, 516 So.2d 285, 286-87 (Fla. 2d DCA 1987) (where one of two persons charged with conspiracy is a government agent, other person may not be convicted).
With respect to Arroyo, the evidence merely established that she was present at the scene of appellant's drug transaction with the confidential informant and that she allowed appellant to drive her vehicle to the scene. This evidence, even when coupled with appellant's post-arrest statement that Arroyo "knew what was going on," was insufficient to establish a criminal conspiracy between Arroyo and appellant in this trafficking offense. See Rodriguez v. State, 643 So.2d 111 (Fla. 2d DCA 1994)(evidence that defendant drove drug dealer to arranged place of sale knowing that dealer planned to make sale insufficient to show conspiracy); Castillo v. State, 590 So.2d 458 (Fla. 3d DCA 1991)(evidence that defendant rode in vehicle with co-defendant to the location where drug transaction took place insufficient to support defendant's conspiracy conviction); Jimenez v. State, 535 So.2d 343 (Fla. 2d DCA 1988)(evidence that person aided another in commission of offense is insufficient to convict either person of conspiracy to commit offense).
The state's evidence also failed to establish a criminal conspiracy between appellant and Solon. Appellant's mere statement to the police that a man named "Solon" was his heroin supplier was insufficient to support his conspiracy conviction. While it is true that a conspiracy can be established by reference to an information charging conspiracy with "persons whose names are unknown," "the evidence must show that an unknown conspirator did exist, and that the defendant conspired with *922 him." See O'Connor v. State, 590 So.2d 1018, 1020 (Fla. 5th DCA 1991) (citations omitted). Here, no evidence at trial was presented that appellant actually contacted or conspired with "Solon"or that such a person even existed. See also Baxter v. State, 586 So.2d 1196, 1199 (Fla. 2d DCA 1991)(to establish the corpus delicti of conspiracy, state must present substantial corroborating evidence that defendant and co-conspirator agreed to commit crime and that the defendant intended to commit the offense).
Because the state failed to prove the essential elements of conspiracy in this case, we reverse appellant's conviction for conspiracy to traffic in heroin and remand with directions that he be discharged. Appellant's remaining issues on appeal are moot.
REVERSED and REMANDED.
KLEIN, GROSS and TAYLOR, JJ., concur.