809 So.2d 56 (2002)
Juan SMALLWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2828.
District Court of Appeal of Florida, Fifth District.
February 8, 2002.
*57 Juan Smallwood, Wewahitchka, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden and Lori N. Hagan, Assistant Attorneys General, Daytona Beach, for Appellee.
SAWAYA, J.
Juan Smallwood was tried and convicted of first degree felony murder, conspiracy to commit robbery, robbery with a firearm and two counts of felony bodily injury. His convictions were affirmed on appeal.[1] Smallwood subsequently filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 raising five issues. He appeals the trial court's order summarily denying his motion. We affirm the denial of the first, second, fourth and fifth grounds raised in the motion because they are without merit. We reverse and remand the summary denial of the third ground, in which Smallwood claims that his trial counsel was ineffective for conceding his guilt during closing argument without his consent.
The record reveals that counsel conceded in closing argument that Smallwood was guilty of conspiracy to commit robbery, robbery and one count of felony bodily injury, but argued that the State had failed to prove that Smallwood was guilty of first degree felony murder or the second count of felony bodily injury. Smallwood alleges under oath that he did not agree to counsel's strategy, especially his confession of guilt. The issue we must resolve is whether counsel's concession of guilt requires an evidentiary hearing to determine whether counsel was ineffective in his representation of Smallwood.
Generally, "a defendant is entitled to an evidentiary hearing on a post conviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." Atwater v. State, 788 So.2d 223, 229 (Fla.2001) (citations omitted). The burden of establishing a prima facie case based upon a legally valid claim lies with the defendant. Id. If no evidentiary hearing was conducted, reviewing courts must examine each claim to determine if it is legally sufficient and, if so, whether or not it is refuted by the record. Atwater.
*58 When a defendant alleges ineffective assistance of counsel, he or she must demonstrate (1) deficient performance by counsel and (2) prejudice to the defense. Nixon v. Singletary, 758 So.2d 618, 621 (Fla.) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)), cert. denied, 531 U.S. 980, 121 S.Ct. 431, 148 L.Ed.2d 438 (2000). An exception to the Strickland standard provides that when trial counsel "`entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing,"' a presumption of ineffective assistance arises. Nixon, 758 So.2d at 622 (quoting United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)). In these exceptional circumstances, prejudice to the defendant is presumed and counsel is considered per se ineffective. Atwater; Nixon.
The court in Nixon recognized such an exception when it held that by conceding the defendant's guilt to a charged offense in opening and closing argument, counsel has entirely failed to subject the prosecution's case to meaningful adversarial testing and is per se ineffective. In order to invoke this rule, however, the defendant must establish that he did not consent to counsel's concession. The court reasoned that although counsel can make tactical decisions regarding trial strategy, the decision whether to plead guilty or not guilty is left completely to the defendant. By conceding guilt without the defendant's consent, counsel has usurped the defendant's right to hold the state to strict proof of his guilt. Id.; see also Childers v. State, 782 So.2d 513 (Fla. 1st DCA 2001) (holding that counsel cannot concede the defendant's guilt to the charged offenses in opening and closing argument unless the trial court finds that the defendant understands the consequences, because concession is functional equivalent of guilty plea).
Smallwood argues that his trial counsel was per se ineffective and that he is entitled to an evidentiary hearing to determine whether he consented to his trial counsel's strategy of conceding guilt. However, the State contends, and the trial court agreed, that pursuant to Atwater, Smallwood is not entitled to any relief. In Atwater, counsel conceded during rebuttal closing argument that the defendant was guilty of a lesser included offense. The supreme court held that under those circumstances, the presumption that counsel was per se ineffective would not apply. Instead, the court applied the two prong Strickland standard to determine whether counsel was ineffective and found that counsel was not ineffective because no prejudice was shown and the evidence against the defendant was overwhelming.
Atwater is distinguishable from this case, however, because in Atwater, defense counsel only conceded that the defendant was guilty of a lesser included offense, and therefore did not usurp the defendant's right to plead not guilty to the charged offense. Where, as in this case, counsel concedes the defendant's guilt to any of the charged offenses, counsel is per se ineffective under Nixon if the defendant did not consent, and prejudice need not be shown.
We find that Smallwood's claim is legally sufficient and that the record does not conclusively show that he is not entitled to relief because the trial court never determined whether or not he consented to the concession of guilt. Therefore, the trial court erred in summarily denying his claim. Accordingly, we reverse and remand for an evidentiary hearing on the issue of consent. If the evidence establishes that Smallwood did not consent, he is entitled to have his convictions set aside. If he did consent, the trial court must still determine whether counsel's concession *59 was reasonable and whether Smallwood was prejudiced.
REVERSED and REMANDED.
THOMPSON, C.J. and SHARP, W., J., concur.
NOTES
[1] Smallwood v. State, 780 So.2d 85 (Fla. 5th DCA 2001).