835 So.2d 1250 (2003)
Alonzo COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2604.
District Court of Appeal of Florida, Fourth District.
January 29, 2003.
Alonzo Cooper, Arcadia, pro se.
Charlie Crist, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Alonzo Cooper appeals the summary denial of his Rule 3.850 motion for postconviction relief raising multiple claims of ineffective assistance of counsel. We have reviewed Cooper's claims and determined that summary denial was improper on one of them.
Cooper alleges that trial counsel conceded his guilt to charged offenses without his consent. The record reveals trial counsel conceded Cooper's involvement in the charged criminal acts in opening argument and failed to subject the state's case to meaningful adversarial testing. A presumption of ineffectiveness arises in this situation unless Cooper consented to counsel's strategy. See Nixon v. Singletary, 758 So.2d 618 (Fla.2000), cert. denied, 531 U.S. 980, 121 S.Ct. 429, 148 L.Ed.2d 437 (2000); Smallwood v. State, 809 So.2d 56 (Fla. 5th DCA 2002); United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).
The record attachments provided by the trial court do not conclusively refute Cooper's claim. See McLin v. State, 827 So.2d 948 (Fla.2002). Therefore, we reverse and remand for the trial court to conduct an evidentiary hearing or attach portions of the record conclusively refuting Cooper's claim that he did not consent to counsel's strategy.
REVERSED AND REMANDED.
KLEIN, SHAHOOD and HAZOURI, JJ., concur.