PER CURIAM.
Ronnie Ralph Hinton appeals the summary denial of his Rule 3.850, Florida Rules of Criminal Procedure, motion for post-conviction relief. Hinton was charged with two counts of battery on a law enforcement officer, resisting an officer with violence (a felony), resisting an officer without violence (a misdemeanor), and criminal mischief (a misdemeanor). A jury found him guilty of resisting an officer with violence, resisting an officer without violence, and criminal mischief. He was sentenced to five years incarceration as a prison releasee reoffender for the felony conviction of resisting an officer with violence, and received time served on the two remaining misdemeanors. We affirmed Hinton’s judgment and sentences on direct appeal. See Hinton v. State, 826 So.2d 317 (Fla. 5th DCA 2002).
Hinton now raises three issues in his 3.850 motion, only one of which is legally sufficient and not refuted by the record. *255 He contends that his trial counsel was ineffective for conceding guilt to some of the charged offenses without his consent. During the opening statement and closing argument, defense counsel conceded Hinton’s guilt to resisting arrest without violence and criminal mischief. This court determined in Smallwood v. State, 809 So.2d 56 (Fla. 5th DCA 2002), that when counsel concedes guilt to a charged offense without his client’s consent, counsel is presumed ineffective, and a defendant seeking relief through a 3.850 motion need not establish prejudice. Smallwood’s counsel had conceded that his client was guilty of three of five charged felonies, but argued that he was not guilty of the other two charged felonies. See also Nixon v. Singletary, 758 So.2d 618 (Fla.2000) (holding that if counsel conceded defendant’s guilt to charged offenses in opening and closing argument without defendant’s consent, counsel is per se ineffective); Cooper v. State, 835 So.2d 1250 (Fla. 4th DCA 2003). In the instant case, it appears counsel conceded Hinton’s guilt to charged offenses. We instruct the trial court that in this situation pursuant to Smallwood, prejudice need not be shown when counsel makes a concession without the defendant’s consent.
We affirm the trial court’s order denying relief as to grounds one and two, but reverse the order denying relief as to ground three. We remand to the trial court for an evidentiary hearing to determine whether defendant consented to counsel’s concession of guilt.
AFFIRMED in part, REVERSED and REMANDED in part.
PETERSON, THOMPSON and TORPY, JJ., concur.