967 So.2d 440 (2007)
Tobias BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1464.
District Court of Appeal of Florida, Fourth District.
November 7, 2007.
*442 Tobias Brown, Indiantown, pro se.
No appearance required for appellee.
POLEN, J.
Appellant Tobias Brown appeals the trial court's summary denial of his rule 3.850 motion for post-conviction relief. Brown pleaded guilty to the charges of conspiracy to commit murder and solicitation to commit murder, and was sentenced to twenty years on two counts, sentences to run concurrently. Brown raises seven claims in his appeal and we find merit in Claims Two and Seven. As to these two claims, Brown argues he received ineffective assistance of counsel due to defense counsel's failure to file a motion to suppress statements he made after receiving inadequate Miranda warnings, and because defense counsel failed to inform him of a possible defense to the charge of conspiracy to commit murder. We affirm the trial court's summary denial of all but Claims Two and Seven, reverse the trial court's summary denial of these two claims and remand for an evidentiary hearing.
To uphold a trial court's denial of a rule 3.850 motion without a hearing, the claims must be facially invalid or the record must show that the claimant is not entitled to relief. McLin v. State, 827 So.2d 948, 954 (Fla.2002). However, if the claims are facially sufficient, the trial court must attach portions of the record showing the claimant is not entitled to relief. See Fla. R.Crim. P. 3.850(d); Cooper v. State, 835 So.2d 1250 (Fla. 4th DCA 2003). Moreover, when the trial court does not hold an evidentiary hearing, a reviewing court must accept as true the factual allegations "to the extent they are not refuted by the record." McLin, 827 So.2d at 954 (citing Foster v. State, 810 So.2d 910, 914 (Fla.), cert. denied, 537 U.S. 990, 123 S.Ct. 470, 154 L.Ed.2d 359 (2002) (citations omitted)).
"[A] defendant alleging an ineffective assistance of counsel claim must set out in his or her motion sufficient alleged facts which, if proven, would establish the two prongs necessary for relief based upon ineffectiveness as outlined in *443 Strickland." Nelson v. State, 875 So.2d 579, 582 (Fla.2004). "In a rule 3.850 motion, a defendant must therefore assert facts that support his or her claim that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance." Id. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In this case, Brown pleaded guilty to the charges. He now asserts, but for trial counsel's ineffective assistance, he would not have pleaded guilty and would have gone to trial. "A trial attorney's failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction." Williams v. State, 717 So.2d 1066, 1067 (Fla. 2d DCA 1998). "However, in order to establish the prejudice prong of Strickland the defendant `must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Zakrzewski v. State, 866 So.2d 688, 694 (Fla.2003) (quoting Hill v. Lockhart, 474 U.S. 52, 57, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
With regard to Claim Two, Brown argues trial counsel was ineffective in failing to file a motion to suppress his statements made to police, asserting he was given an inadequate Miranda warning. Prior to giving his statement to the police, Brown was read a Miranda warning which stated, in pertinent part: "You have the right to talk with a lawyer and have a lawyer present before any questioning." This court has found that this alone is an inadequate representation of an individual's rights, as it does not inform them of the right to have an attorney present during questioning. Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004).
While there are situations when the Miranda form in question, coupled with police instruction, has been held to be sufficient in advising an individual of their rights, there is no evidence in the record that shows this occurred in Brown's case. See Canete v. State, 921 So.2d 687 (Fla. 4th DCA 2006)(En Banc). As no evidentiary hearing was held below, this court must accept as true Bush's factual allegations "to the extent they are not refuted by the record." McLin, 827 So.2d at 954 (citing Foster v. State, 810 So.2d 910, 914 (Fla.), cert. denied, 537 U.S. 990, 123 S.Ct. 470, 154 L.Ed.2d 359 (2002) (citations omitted)). Therefore, Brown's assertion that he would not have entered a plea of guilty absent defense counsel's erroneous advice must be accepted as true.
While the State argues that there was more than enough evidence to convict Brown without the statements, resulting in no prejudice to Brown, this is not the type of prejudice that needs to be shown in a plea bargain case. As pointed out above, to show prejudice in a plea bargain case, Brown must show only that without the misadvice of counsel, there was a reasonable probability he would not have pleaded guilty and would have chosen to go to trial. We find that Brown's allegation of the resulting prejudice to his case is sufficient to satisfy the second prong of Strickland.
As to Claim Seven, Brown argues he received ineffective assistance of counsel because defense counsel failed to advise him of a possible defense to the charge of *444 conspiracy to commit murder. Brown was a co-defendant in this case with two other individuals, Lopez and Castro. Castro wanted Lopez and Brown to kill his ex-wife. The police became aware of the situation through a confidential informant (CI), Seth Bain, who was approached by Brown to either carry out the job or help find someone who would. Brown argues that since the CI, acting as a government agent, was to commit an essential act of the conspiracy, i.e. he was to murder Castro's ex-wife, Brown could not be convicted of conspiracy to commit murder.
"A conspiracy is an express or implied agreement or understanding between two or more persons to commit a criminal offense." Sheriff v. State, 780 So.2d 920, 922 (Fla. 4th DCA 2001). "It is well-settled that where one of two co-conspirators is a government agent there can be no conspiracy." Id. Further, "where two or more persons conspire with another who is, unknown to them, a government agent acting in the line of duty, to commit an offense under an agreement and an intention that an essential ingredient of the offense is to be performed by, and only by, such government agent, such persons may not legally be convicted of a conspiracy." King v. State, 104 So.2d 730, 733 (Fla.1958). "There is no conspiracy, likewise, when an essential act of the conspiracy is the sole responsibility of a government agent." LaPolla v. State, 504 So.2d 1353, 1357 (Fla. 4th DCA 1987).
Review of the record does not refute Brown's assertion that trial counsel failed to discuss this defense with him, or his assertion that this defense would likely have been successful at trial, thereby making a facially sufficient attack upon his conviction. See Williams, 717 So.2d at 1067. Further, the record does not refute that had trial counsel presented this defense to Brown, he would not have pleaded guilty to the charge, thereby satisfying the prejudice prong of Strickland. See Zakrzewski, 866 So.2d at 694.
We reverse the trial court's summary denial of Brown's Claims Two and Seven and remand for an evidentiary hearing. As to the remaining claims, we affirm.
STONE and GROSS, JJ., concur.