999 So.2d 1098 (2009)
Fred GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1309.
District Court of Appeal of Florida, Fifth District.
January 9, 2009.
James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Green was convicted, after a jury trial, of conspiracy to purchase cocaine. On appeal, he contends that the trial court erred in denying his motion for judgment of acquittal. Specifically, Green argues that there was insufficient evidence to establish that he had an agreement with co-defendant, Duane Gibson, to purchase cocaine. We affirm Green's conviction.
*1099 When a defendant makes a motion for a judgment of acquittal, he admits all facts stated in the motion, all evidence adduced at trial, and every conclusion favorable to the State that a jury might reasonably infer from the evidence. See Sewall v. State, 783 So.2d 1171 (Fla. 5th DCA 2001). Our standard of review of the trial court's denial of Green's motion is de novo. Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
Taken in the light most favorable to the State, the evidence established that an agent with the Drug Enforcement Unit of the Orlando Police Department was contacted by a fellow law enforcement officer to assist in an undercover capacity in a drug case. The agent was told that he would be meeting with Green regarding a sale of cocaine that had been prearranged by a confidential informant.
Green and Gibson had travelled from Pennsylvania to Orlando and were staying at a local hotel. After a telephone conversation between the agent and Green to arrange a meeting, the agent, the confidential informant, Green, and Gibson met at a Denny's parking lot. The agent was wearing a concealed microphone and much of the events were recorded on a DVD by a nearby surveillance team. The negotiations were conducted by the agent and Green. During the negotiations, Green indicated that they were there to purchase one kilo of cocaine and be fronted another kilo. At one point, Green entered the backseat of the agent's car and used a key to cut into a taped package so that he could see the actual cocaine. Green agreed to a price of $15,000 per kilo and then left with Gibson to retrieve the money. While returning from their hotel, they were arrested. Green was carrying a little over $13,000 in an envelope and $552 in his wallet. Gibson had $225 in his wallet. A search of their hotel room reflected that each defendant had one piece of luggage consistent with an overnight stay.
Although Gibson stood next to Green for much of the negotiations, the only relevant time that he spoke was when a Denny's employee walked toward (and entered) a vehicle parked next to the agent's vehicle. Gibson told the others to lower their voices.
The crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of the crime. Young v. State, 940 So.2d 543, 544 (Fla. 5th DCA 2006). A conspiracy may be proven with circumstantial evidence and proof of the formal agreement is not necessary. However, evidence that a defendant was merely present at the scene of the crime, had knowledge of the crime, or even aided others in the commission of the crime is insufficient, by itself, to support a conspiracy conviction. Id. Rather, the State's evidence must show that the defendant entered into an agreement with another to commit the crime and intended to commit the crime. Furthermore, an "agreement" between a defendant and a government agent cannot support a conspiracy conviction. Sheriff v. State, 780 So.2d 920, 921 (Fla. 4th DCA 2001) (well-settled that where one of the two co-conspirators is government agent, there can be no conspiracy).
Here, Green contends that while the State's evidence may have shown an agreement between the agent and Green, it was insufficient to show an agreement between Gibson and Green. We disagree. The jury could reasonably have inferred that Gibson conspired with Green to purchase cocaine based on the evidence that they travelled together from Pennsylvania to Orlando for a short visit, that they met the purported seller at a prearranged meeting, *1100 that they were both present throughout the negotiations, that Green indicated that "they" were there to purchase cocaine, and that they walked together back to their hotel room to retrieve the money necessary to purchase the cocaine. Furthermore, Gibson helped facilitate the planned transaction by telling the others to keep their voices down so that their illicit negotiations were not overheard by a Denny's employee. These facts support the conclusion that not only were both co-defendants present at the scene, but also that they had a common purpose to commit the crime of purchase of cocaine. See, e.g., Jimenez v. State, 715 So.2d 1038 (Fla. 3d DCA 1998) (jury may infer agreement from surrounding circumstances including alleged conspirator's presence at prearranged site for drug transaction after travelling to Florida for short visit from out-of-state location).
Although we affirm Green's conviction, we do remand this cause for the entry of an amended court costs order. For some reason, the judge's pronouncement granting Green's motion to amend the costs order was never reduced to writing.
AFFIRMED; REMANDED for Entry of Amended Court Costs Order.
GRIFFIN and SAWAYA, JJ., concur.