PER CURIAM.
 

 Appellant, Rollie Paul, appeals the summary denial of his motion for post conviction relief under Florida Rule of Criminal Procedure 3.850. We reverse as to Ground One, in which appellant asserted that trial counsel was ineffective for failing to investigate and call defense witnesses.
 

 Appellant was convicted of burglary of a convenience store. At trial, the state presented evidence that he had been found inside the locked fence behind the store after neighbors had alerted police that a man was attempting to break into the store by beating on a window that was boarded up as a result of hurricane damage. When he was found, he was curled up between the air conditioner and the back wall in an “L” shaped enclosure. Burglary tools and a bicycle were found nearby. No witness was able to positively identify appellant as the man who had been beating on the window, and no witness had seen anyone leave the area. The state’s theory was that appellant was the man who had been beating on the window and that that man had brought the bicycle and burglary tools to the location, which was evidence that he had entered the fenced in area with the intent to commit a theft. Two officers testified that appellant did not appear to be intoxicated.
 

 Appellant, who had eleven prior felony convictions, testified that he had been asleep behind the store, that he had not been aware that someone else had attempted to break into the window, and that the bicycle and burglary tools did not belong to him. He explained that he did not own the bicycle, because he owned a car. He had not been driving the car that night because, after working all day removing hurricane debris, he had gone out drinking with his co-worker who had taken his keys to keep him from driving home. For the previous two weeks, he had been living with a roommate in a motel several miles away from the store, because the hurricane had damaged his apartment. When his co-worker took his keys, he called his roommate, who could only give
 
 *29
 
 him a ride part of the way home. As he was walking the eight miles back to the motel, he stopped and went to sleep behind the store next to the air conditioner because he was too drunk and tired to continue walking.
 

 On cross examination, the state attacked the credibility of Appellant’s story by getting him to agree that motel records would not show that he had been staying there. He explained that the room had been rented in the name of his roommate. The state then asked whether the car was registered in his name and whether the roommate and clerk could come in and identify him. Appellant said they knew him well. In closing, the state noted that no room key had been found on appellant when he was arrested and that there was no other evidence to support his story.
 

 In Ground One of his rule 3.850 motion, appellant asserted that trial counsel was ineffective for failing to investigate and call witnesses who would have corroborated his story. This was prejudicial, because all of the evidence was circumstantial and because his eleven felony convictions made it easy for the state to attack the credibility of his testimony. He asserted that he had given trial counsel the names of four witnesses who would be willing and available to testify and who would corroborate the details of his testimony-his roommate, the clerk in the motel, his co-worker, and the person who had employed him that day. He asserted that the roommate and clerk could have been reached at the motel and that he had given trial counsel his coworker’s phone number and the general location of his residence.
 

 The trial court summarily denied appellant’s rule 3.850 motion without conducting an evidentiary hearing.
 

 To uphold a trial court’s denial of a rule 3.850 motion without a hearing, the claims must be facially invalid or the record must show that the claimant is not entitled to relief.
 
 McLin v. State,
 
 827 So.2d 948, 954 (Fla.2002). However, if the claims are facially sufficient, the trial court must attach portions of the record showing the claimant is not entitled to relief.
 
 See
 
 Fla. R.Crim. P. 3.850(d);
 
 Cooper v. State,
 
 835 So.2d 1250 (Fla. 4th DCA 2003). Moreover, when the trial court does not hold an eviden-tiary hearing, a reviewing court must accept as true the factual allegations “to the extent they are not refuted by the record.”
 
 McLin,
 
 827 So.2d at 954.
 

 Brown v. State,
 
 967 So.2d 440, 442 (Fla. 4th DCA 2007).
 

 “To establish a claim of ineffective assistance of trial counsel for failing to call certain witnesses, a defendant must allege in the motion “what testimony defense counsel could have elicited from [the] witnesses and how defense counsel’s failure to call, interview, or present the witnesses who would have so testified prejudiced the case.’ ”
 
 Booker v. State,
 
 969 So.2d 186, 196 (Fla.2007) (quoting
 
 Nelson v. State,
 
 875 So.2d 579, 583 (Fla.2004)). Taking the factual allegations in Ground One as true, because they cannot be refuted by the record, appellant has made a facially sufficient claim of ineffective assistance of trial counsel, resolution of which requires an evidentiary hearing.
 

 We affirm the summary denial as to Grounds Two through Nine. We reverse as to Ground One and remand for an evi-dentiary hearing.
 

 Affirmed
 
 in part,
 
 Reversed
 
 in part, and
 
 Remanded.
 

 WARNER, POLEN and TAYLOR, JJ., concur.