EDWARDS, J.
Appellant, Racheal Gould, appeals her convictions for conspiring to traffic and trafficking in twenty-eight grams or more of cocaine. She argues that the court erred by (1) denying her motion for judgment of acquittal as there was insufficient evidence of a conspiracy and (2) allowing speculative testimony from a police officer that interpreted and explained her actions as consistent with the behavior of others involved in drug deals. Gould also described several events that occurred during her jury trial, which she claims constitute ineffective assistance of counsel that led to her conviction. Gould properly conceded that it would be more appropriate to raise her claims of ineffective assistance of counsel in a rule 3.850 motion; therefore, we will not rule on those issues. We affirm the admission of the police officer's testimony without further discussion. For the reasons set forth below, we reverse the conspiracy conviction.
The evidence presented at trial, which included Gould's testimony, showed that her boyfriend, without any involvement on her part, had previously sold relatively small amounts of cocaine to a police confidential informant ("CI"). For the instant transaction, the boyfriend made arrangements with the CI for the sale of a larger amount of cocaine-one ounce-to take place in the parking lot of a shopping center. Gould's boyfriend came to her house and insisted that she drive him to the store in his car, even though her own car was available and fully operational. The CI, as agreed between the CI and the boyfriend, was parked in the lot in an easily recognizable, customized Hummer. Upon arriving at the shopping center, Gould circled the parking lot, drove by the *1036 Hummer twice, exited the lot, and then returned to circle again. Gould then stopped the car several empty spaces down from the Hummer, after which her boyfriend got out of the car and went to the Hummer. Gould, now alone in the car, moved the car further away from the Hummer, but where it was still within her line of sight. As she sat in the car, Gould appeared to be looking intently at the Hummer while also repeatedly scanning the surrounding parking lot.
All of Gould's actions in the parking lot were observed by police officers who were surveilling the scene, and were parked directly beside Gould. The boyfriend was arrested after he completed the transaction with the CI. Gould was arrested immediately afterwards. The police searched the boyfriend's car and found (1) cash in the front passenger door pocket, (2) the boyfriend's cell phone in the console, (3) the boyfriend's backpack with his wallet in the back seat, (4) Gould's purse which contained no contraband, and (5) a paper bag from Burger King containing sixty-eight grams of cocaine in the front passenger floor space. Gould and her boyfriend were placed in the back of a patrol car equipped with a microphone during which Gould answered the boyfriend's question in the negative, as to whether she had any of "that shit" on her or in her purse.
In addition to an objective description of Gould's activities in the parking lot, one of the police officer's testified that Gould's behaviors were similar to and consistent with what he described as counter-surveillance activity that he had repeatedly observed in many other drug deals. The officer explained further that with a large drug sale, such as this, the drug dealer would often bring an associate to serve as another set of eyes to watch out for police or efforts by the buyer's associates to rip-off the dealer. The officer testified that he watched Gould during and after the boyfriend's transaction and arrest, and she did not appear to make any effort to hide anything within the car.
There was evidence presented at trial that could support Gould's guilt as a principal for the sale of cocaine, as her actions were clearly consistent with aiding and abetting her boyfriend in carrying out this transaction. However, defense counsel did not move for a judgment of acquittal regarding the trafficking charge, generally nor specifically, as to the apparent lack of proof that Gould had the intent to assist her boyfriend in possessing, selling or transferring the amount of cocaine required to support the trafficking charge. Gould's testimony was that she was completely unaware of her boyfriend's intention to sell cocaine and that she had no idea that the Burger King bag contained cocaine, much less knowledge that it contained the additional sixty-eight grams of cocaine. Trial counsel's failure to make this motion or otherwise raise those issues below prevents our review here, but forms the basis of one of her claims for ineffective assistance of counsel which she may raise later in a rule 3.850 motion.
As to the conspiracy charge, Gould's counsel did move for judgment of acquittal, specifically arguing that there was no evidence that she had the intent or reached any agreement to possess, supply, or sell cocaine. "A conspiracy is an express or implied agreement or understanding between two or more persons to commit a criminal offense." Sheriff v. State , 780 So.2d 920, 921 (Fla. 4th DCA 2001). "To prove the crime of conspiracy, the state must prove an agreement and an intention to commit an offense." Id.
The first conspiracy element required the State to prove there was an agreement between Gould and her boyfriend to commit an offense. The offense in *1037 this case was trafficking cocaine, which requires a person to "knowingly sell[ ], purchase[ ], manufacture[ ], deliver[ ], or bring[ ] into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine ...." § 893.135(1)(b)1., Fla. Stat. (2017). Thus, the State was required to prove that Gould and her boyfriend agreed to traffic in at least twenty-eight grams of cocaine. At trial, the State did present sufficient evidence to prove an agreement to sell twenty-eight grams of cocaine-but that agreement was only between her boyfriend and the CI. The State did not present any evidence to indicate that Gould participated in the planning of this drug deal. In fact, the CI specifically said he had never seen nor communicated with Gould before. The only evidence relevant to Gould's participation were her actions of providing transportation and counter-surveillance as well as the paper bag containing cocaine in her boyfriend's side of the car.
While that evidence may be sufficient for a conviction of trafficking based on aiding and abetting her boyfriend, it is insufficient to prove a prior agreement or that Gould participated either expressly or impliedly in any preplanning. See Rodriquez v. State , 643 So.2d 111, 111 (Fla. 2d DCA 1994) (holding that evidence of defendant's actions as driver and knowledge of drug deal were insufficient to prove conspiracy); Gray v. State , 526 So.2d 1020, 1021 (Fla. 5th DCA 1988) (holding there was no conspiracy when there "was no proof of any prearrangement, any prior discussions or plans or anything else done in preparation"); Ashenoff v. State , 391 So.2d 289, 291 (Fla. 3d DCA 1980) (holding that, while acts may present a prima facie case of aiding and abetting, they do not constitute conspiracy where there is no showing of both an agreement and an intent to commit offense). See also McCants v. State , 587 So.2d 673, 673 (Fla. 1st DCA 1991) ("Although such proof [of conspiracy] may sometimes encompass circumstantial evidence, a conspiracy may not be inferred solely from conduct which merely aids and abets an offense.").
Without proof that Gould participated in the planning of any aspect of this transaction, there is insufficient evidence to prove an agreement existed between Gould and the boyfriend to traffic in twenty-eight grams of cocaine. Without the presence of an agreement, there can be no conspiracy. See, e.g. , Sheriff , 780 So.2d at 922 (reversing conviction for conspiracy when state failed to prove essential elements); Gray , 526 So.2d at 1021 (reversing conviction for conspiracy when there was no proof the defendant conspired). Because of this finding, we do not need to consider whether Gould had the intent to commit a substantive offense.
Given the lack of evidence of any agreement on Gould's part, the lower court erred in denying her motion for judgment of acquittal. Accordingly, we reverse her conviction for conspiracy to traffic cocaine and instruct the trial court to resentence Gould based upon an updated scoresheet.[1] We affirm as to all remaining issues without prejudice to Gould asserting claims of ineffective assistance of counsel in a timely rule 3.850 motion.
AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
ORFINGER, J., concurs.
SAWAYA, J., dissents with opinion.

See Fernandez v. State , 199 So.3d 500, 502 (Fla. 2d DCA 2016) ("In general, when the vacation of a conviction would result in changes to the defendant's scoresheet, the defendant is entitled to be resentenced using a corrected scoresheet.").