573 So.2d 151 (1991)
Maria Y. PINO, Sergio Santos, Carlos Montoya, and Jorge A. Arango, Appellants,
v.
The STATE of Florida, Appellee.
No. 89-1229.
District Court of Appeal of Florida, Third District.
January 15, 1991.
Jorge A. Arango, in pro. per.
Stephen J. Finta, Ft. Lauderdale, Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellants.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and LEVY, JJ.
HUBBART, Judge.
This is an appeal by the defendants Maria Y. Pino, Sergio Santos, Carlos Montoya, and Jorge A. Arango from final judgments of conviction and sentences for (1) trafficking in cocaine, and (2) conspiracy to traffic in cocaine, which were entered below *152 based on an adverse jury verdict. The central issue presented for review is whether the evidence adduced at trial was sufficient to sustain the convictions for conspiracy to traffic in cocaine. We conclude that this evidence was sufficient to sustain the conspiracy convictions, and, finding no merit in the balance of the defendants' points on appeal, we affirm as to both convictions herein.
As is true in many drug trafficking cases, the record in this case reveals an all-too-familiar scenario of a number of meetings with some or all the defendants wherein a sale of cocaine to an undercover police officer was planned and thereafter effected  whereupon the police arrested all of the defendants. A detailed description of each of these Byzantine meetings, negotiations, and arrangements would unduly burden this opinion, but suffice it to say that the totality of the evidence establishes an implied prior agreement among the defendants to sell cocaine to the undercover police officer herein; the entire transaction was effectuated very smoothly from meeting to meeting until the sale was eventually consummated, giving the unmistakable appearance of advance planning among all of the defendants. The only defendant whose role was of lesser significance in this transaction, in comparison to the other defendants, was Pino, but, in balance, even her actions were inferentially prearranged with the other defendants, and are sufficient, in our view, to sustain the conspiracy conviction against her.
It is, of course, well settled that the crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense; both the agreement and an intention to commit an offense are essential elements of this crime. See, e.g., King v. State, 104 So.2d 730 (Fla. 1957); Herrera v. State, 532 So.2d 54, 58 (Fla. 3d DCA 1988); Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla. 1980); § 777.04(3), Fla. Stat. (1989). Moreover, direct proof of the criminal agreement is not necessary to establish a conspiracy; the jury may infer from all the surrounding circumstances that a common purpose to commit a crime existed. See, e.g., Gonzalez v. State, 571 So.2d 1346 (Fla. 3d DCA 1990); Horner v. State, 558 So.2d 138, 139 (Fla. 3d DCA 1990); Herrera; McCain v. State, 390 So.2d 779, 780 (Fla. 3d DCA 1980), rev. denied, 399 So.2d 1144 (Fla. 1981).
Where, as here, the defendants are involved in a series of meetings, arrangements, and negotiations to sell or buy illegal drugs from an undercover police officer which eventually leads to such a sale or purchase, Florida courts have generally sustained convictions for conspiracy to commit the offense of drug trafficking based on this conduct. See, e.g., Gonzalez; Herrera; Munroe v. State, 514 So.2d 397 (Fla. 1st DCA 1987), rev. denied, 519 So.2d 987 (Fla. 1988); Brown v. State, 468 So.2d 325 (Fla. 2d DCA), rev. denied, 476 So.2d 672 (Fla. 1985). Only where, unlike this case, the defendant's involvement in the enterprise appears to be minimal at best, evincing no prearrangements with the other defendants, see Pennington v. State, 526 So.2d 87 (Fla. 4th DCA 1987), approved, 534 So.2d 393 (Fla. 1988); Voto v. State, 509 So.2d 1291 (Fla. 4th DCA 1987), or where, unlike this case, the defendant has been acquitted of an accompanying drug trafficking charge, thereby discrediting much, if not all of the evidence against the defendant, see, e.g., Jimenez v. State, 535 So.2d 343 (Fla. 2d DCA 1988); Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980), have Florida courts been inclined to reverse such conspiracy convictions. Indeed, the typical drug trafficking transaction involving a series of clandestine meetings between several defendants and an undercover police officer which eventually leads to a sale or purchase of illegal drugs, as here, presents the classic example of a criminal conspiracy; by definition, such a scenario inferentially establishes, as a general rule, a prior agreement among the defendants to effect a sale or purchase of illegal drugs, else such a sale or purchase with its complicated arrangements would never have taken place.
*153 It is true, as the defendants urge, that acts which amount to aiding and abetting other defendants to effect the crime of drug trafficking cannot constitute acts of conspiracy to sell or purchase drugs, see, e.g., Ashenoff; Ramirez. These acts, however, when combined with accompanying conversations and other acts of the defendants, are generally sufficient to prove up a prior agreement among the defendants to sell or purchase drugs in the typical drug trafficking scenario. Such additional evidence is present in this case.
We have carefully considered the balance of the defendants' points on appeal and find them to be without merit. The final judgments of conviction and sentences under review as to all the defendants herein are accordingly,
Affirmed.