590 So.2d 1018 (1991)
Dean Thomas O'CONNOR, Appellant,
v.
STATE of Florida, Appellee.
No. 91-168.
District Court of Appeal of Florida, Fifth District.
December 12, 1991.
*1019 James H. Earp and Louis V. Cianfrogna, of Cianfrogna, Telfer, Reda & Faherty, P.A., Titusville, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
O'Connor appeals from his convictions and sentences received in two criminal cases. In a 1989 case O'Connor pled nolo contendere to conspiracy to traffic in cocaine in excess of 200 grams and less than 400 grams.[1] The trial judge used a single scoresheet for that offense and sentenced O'Connor to 5 years mandatory imprisonment. At the same time, a different scoresheet was prepared and used to sentence O'Connor in a 1990 case for sale of cocaine,[2] possession of cocaine,[3] and conspiracy to traffic in cocaine.[4] We vacate all of the sentences and remand for resentencing, using one single scoresheet;[5] and we reverse the conviction for conspiracy to traffic in cocaine in the 1990 case and quash the sentence imposed for that crime.
O'Connor had a jury trial in the 1990 case and was found guilty of all three charges. He raises various points of error which we find are without merit. However, our review of the record discloses there was a complete failure of proof on the conspiracy charge. Although this defect was neither argued to the trial judge below, nor to us on appeal, we are compelled to reverse the adjudication on the conspiracy count because the lack of any proof to support the charge constitutes fundamental error. See Wood v. State, 544 So.2d 1004 (Fla. 1989); Rose v. State, 507 So.2d 630 (Fla. 5th DCA 1987); Vogel v. State, 365 So.2d 1079 (Fla. 1st DCA 1979). We requested supplemental appellate briefs on this issue.
The testimony at trial established that Wright, a convicted felon, agreed to cooperate and testify against any person that he had associated with in the drug business, under an agreement with a police officer named Driggers. Wright's stepbrother, Bowman, assisted in this endeavor. Both Wright and Bowman were therefore agents of the police. Wright told Driggers that O'Connor had contacted him about the purchase of cocaine and ultimately, O'Connor gave Wright cocaine in exchange for approximately $950. Wright also testified that O'Connor stated he would get the cocaine from a man named "Nasty," and Bowman testified O'Connor stated he would get the cocaine from someone else. No other testimony or evidence appears that any other party was involved in the deal.
The parties agree that if Wright and Bowman were the only parties involved, a criminal conspiracy was not established. King v. State, 104 So.2d 730 *1020 (Fla. 1957). See also Edwards v. State, 516 So.2d 285 (Fla. 2d DCA 1987); Beasley v. State, 360 So.2d 1275 (Fla. 4th DCA 1978). To establish proof of conspiracy to traffic, the state has the burden of proving the intent of a second non-police person, as a part of the conspiracy. King. Conspiracy requires two parties agreeing and acting together, with each being a necessary party to the act. State v. Johnson, 561 So.2d 1321, 1322 (Fla. 4th DCA 1990). This court noted in Kocol v. State, 546 So.2d 1159 (Fla. 5th DCA 1989) that conspiracy involves an express or implied agreement or understanding, and that both the agreement and the intention to conspire must be present.
State v. Rodriguez-Jimenez, 439 So.2d 919 (Fla. 3d DCA 1983) holds that a defendant charged with conspiracy may be convicted of conspiring with persons whose names are unknown; however, the evidence must show that an unnamed coconspirator did exist and that the defendant conspired with him. See also United States v. Pruett, 551 F.2d 1365, 1369 (5th Cir.1977); U.S. v. Goodwin, 492 F.2d 1141, 1144 (5th Cir.1974).
O'Connor distinguishes Kocol from the facts in this case because in Kocol there was evidence that a non-police officer was involved in the deal to sell approximately one ounce of cocaine. O'Connor argues the evidence here is (at best) that he perhaps intended to obtain the cocaine from someone else in order to deliver it to Wright and Bowman, but that the state failed to prove any agreement between a third party and O'Connor to do so.
Aside from Wright and Bowman, the only evidence that O'Connor was involved with another individual was Wright's testimony that O'Connor told him he would get the cocaine from "Nasty," and Bowman's testimony that he would get it from someone else. The state argues the conspiracy existed between O'Connor and Nasty, and the information charged O'Connor with conspiracy with a person or persons unknown. But no evidence at trial was presented that O'Connor actually contacted or conspired with any persons other than Wright and Bowman. Indeed, there was no evidence to show that an unnamed person even existed, much less that O'Connor conspired with him, and there is no evidence of intent or agreement on that person's part. The evidence shows O'Connor's intent to get the cocaine from Nasty or another person, but not the reverse.
The state's argument boils down to the theory that because O'Connor had cocaine and sold it to Wright, that this necessarily shows the agreement of another party. However, O'Connor could have obtained the cocaine without such an agreement. If that type of analysis were sufficient, every person who sold drugs would also be guilty of conspiracy on the rationale that he must have gotten it from someone else.
We conclude that the state failed in this case to prove the essential elements of conspiracy. Accordingly, we reverse O'Connor's conviction for conspiracy to traffic in the 1990 case. We remand for resentencing in both cases using a single scoresheet. Because it is the most serious offense, the 1989 conspiracy offense should be the "primary" offense at resentencing. Fla.R.Crim.P. 3.701.d.3. Additionally, it appears that the trial judge used a multiplier under "legal constraint," which has since been held to be illegal. Flowers v. State, 586 So.2d 1058 (Fla. 1991). On remand, this additional correction should be made.
REVERSED in part; REMANDED for resentencing.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] §§ 893.03(2)(a), 893.135(1)(b)(2) and (5), Fla. Stat. (1989).
[2] §§ 893.03(2)(a), 893.135(1)(a), Fla. Stat. (1989).
[3] §§ 893.03(2)(a), 893.135(1)(b), Fla. Stat. (1989).
[4] §§ 893.03(2)(a), 893.135(1)(b), Fla. Stat. (1989).
[5] Fla.R.Crim.P. 3.701.d.1.