858 So.2d 1211 (2003)
Kevin JACKSON, a/k/a Corey Wilson, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-121.
District Court of Appeal of Florida, Third District.
November 12, 2003.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for appellee.
Before COPE and RAMIREZ, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Defendant-appellant Kevin Jackson appeals his convictions for racketeering and conspiracy to commit racketeering in violation of Chapter 895, Florida Statutes, the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, contending that the evidence was legally insufficient on those counts. We agree and reverse on those counts while affirming the defendant's *1212 remaining convictions.[1]
In 1997 and 1998 the Miami-Dade police department undertook investigation of drug sales which were occurring at Riverside Park in the Little Havana area of Miami. As a result of the investigation, 28 defendants were charged with 177 crimes. All 28 were charged in counts 4 and 5 of the information with racketeering in violation of subsection 895.03(3), Florida Statutes (1997), and conspiracy to commit racketeering in violation of subsection 895.03(4), Florida Statutes (1997).[2] This defendant was tried separately from the other defendants.
Count 4 charged the defendant with racketeering. Under subsection 895.03(3), Florida Statutes, "It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity...." Under the Florida RICO statute, an "enterprise" includes a criminal street gang. Id. § 895.02(3). It can also include a "group of individuals associated in fact although not a legal entity." Id.
The State charged the defendant with being associated either with a criminal street gang, or alternatively with "a group of individuals associated in fact, although not a legal entity, for the purpose of engaging in criminal activities...."
The State acknowledged at trial that the defendant is not a gang member. The State presented evidence that two gangs, the "Latin Kings" and the "YLO," operated in the area. This evidence came from a detective with specialized experience with gangs. The detective testified regarding numerous undercover drug purchases made in the park, using undercover officers and confidential informants. These included some of the transactions involving the defendant.
Over objection the detective testified that gang graffiti of both the Latin Kings and the YLO existed in the area, and the graffiti had not been crossed out. He opined that this meant the two gangs were engaged in a cooperative enterprise to control the drug trade at the park. He explained that in his experience, in the absence of some agreement, rival gangs would cross out each others' graffiti. There was no other testimony that the two gangs had formed a de facto association or joint venture to control the drug trade in the park. We conclude that the detective's testimony based on analysis of gang graffiti was not enough, standing alone, to establish the existence of an association or joint venture between the two gangs to control the drug trade in the park.
This deficiency in the State's proof would not, by itself, be fatal to the two RICO counts. That is so because the State charged alternatively that the defendant was employed by or associated with a criminal street gang. However, the proof as to this defendant still fell short. There was no evidence that he was a member of either gang; that he engaged in transactions with or on behalf of gang members; or that he shared any of his drug proceeds with the gangs. Rather, the evidence showed only that defendant sold cocaine in the park and that he was familiar with some other persons who were gang members. That was not enough.
*1213 Count 5 charged the defendant with conspiracy to commit racketeering. See § 895.03(4), Fla. Stat. (1997). For the reasons already stated, the evidence is legally insufficient on this count as well.
As the decision in Gross v. State, 765 So.2d 39 (Fla.2000), cautions, the concept of enterprise is not to be applied to "garden variety criminal undertakings." Id. at 49 n. 5. The evidence here only supported that defendant had engaged in ordinary criminal activity. The convictions on counts 4 and 5 for racketeering and conspiracy to commit racketeering must be reversed.
Affirmed in part, reversed in part, and remanded with directions to vacate the convictions on counts 4 and 5.
NOTES
[1] The defendant does not challenge his convictions for sale of cocaine in counts 120, 122, 129, 131, 132, and 134, and possession of cocaine in counts 121, 123, 130, 133, and 135.
[2] The crime dates were June 1997 through February 2000.