965 So.2d 1226 (2007)
John Todd PALLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-4774.
District Court of Appeal of Florida, First District.
September 28, 2007.
Ronald W. Johnson of Kinsey, Troxel, Johnson, Walborsky & Bradley, P.A., Pensacola, for Appellant.
Bill McCollum, Attorney General, Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals his conviction for conspiracy to traffic in cocaine. The charged offense was based on Appellant's possession or purchases of cocaine from two cocaine suppliers over an 11-month period. Because each transaction involved less than 28 grams of cocaine, and no evidence established a specific agreement to purchase more than 28 grams of cocaine, we reverse his conviction for conspiracy to traffic in cocaine. See Switzer v. State, 940 So.2d 1248 (Fla. 1st DCA 2006). However, because we find that the State proved beyond a reasonable doubt that Appellant conspired to purchase or possess cocaine with the intent to purchase, in violation of sections 777.04(3) and 893.13(2)(a)1., Florida Statutes (2003), a lesser-included charge of conspiracy to traffic, we direct the trial court to enter a *1227 conviction on the lesser-included charge. See § 924.34, Fla. Stat. (2003) (permitting an appellate court to direct the trial court to enter a judgment on a lesser-included charge when it determines the evidence is insufficient to support a conviction).
Florida law defines the crime of conspiracy as occurring where a person "agrees, conspires, combines, or confederates with another person or persons to commit any offense[.]" § 777.04(3), Fla. Stat. (2003). "The crime of conspiracy involves an express or implied agreement between two or more people to commit a criminal offense." State v. Russell, 611 So.2d 1265, 1267 (Fla. 2d DCA 1992).
Reviewing the evidence here in a light most favorable to the State, including all reasonable inferences resulting from the evidence, the facts presented here demonstrate that Appellant participated in more than a simple "buy-sell" or "spot sale" agreement with his suppliers. See Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981) (explaining that an appellate court must resolve all conflicts in the evidence and all reasonable inferences therefrom in a light most favorable to the verdict). Appellant knew his suppliers were engaged in an ongoing agreement between themselves to purchase cocaine and then to supply Appellant and others with the cocaine. This relationship necessarily required Appellant's suppliers to purchase and possess cocaine so that he could then purchase or possess a smaller portion of the cocaine. Further, Appellant occasionally incurred debt to his suppliers when making his purchases and also involved his girlfriend in the crime.
Because this evidence demonstrates that Appellant and his suppliers shared a common objective to purchase or possess cocaine with the intent to purchase, it is sufficient to sustain a conviction for conspiracy to purchase or possess cocaine with intent to purchase. See, e.g., Pino v. State, 573 So.2d 151, 152 (Fla. 3d DCA 1991) ("Where . . . the defendants are involved in a series of meetings, arrangements, and negotiations to sell or buy illegal drugs from an undercover police officer which eventually leads to such a sale or purchase, Florida courts have generally sustained convictions for conspiracy to commit the offense of drug trafficking based on this conduct.").
This is not a case where Appellant was marginally involved with other criminal actors or simply purchased cocaine from a supplier. Cf. Ashenoff v. State, 391 So.2d 289, 290-91 (Fla. 3d DCA 1980) (reversing appellants' conspiracy convictions where the appellants were present at the scene of the offense but their conversations related only to offenses for which they were acquitted). Neither is this a case where Appellant simply aided and abetted another principal in committing the crime of drug possession. Cf. Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979) (reversing appellants' convictions for conspiracy to possess marijuana where no evidence demonstrated an agreement to possess the marijuana). Here, Appellant repeatedly possessed cocaine; his suppliers were simply first to possess it. Appellant could not possess the cocaine from his suppliers and co-conspirators unless they first possessed it; therefore, the evidence supports a conviction for conspiracy to purchase or possess cocaine with intent to purchase. Cf. Williams v. State, 908 So.2d 1166, 1167 (Fla. 1st DCA 2005) (reversing conviction for possession with intent to sell based on aiding or abetting, where "evidence presented indicated that appellant was either the intended seller or intended purchaser, not an aid to either.").
We reject Appellant's contention that federal decisions holding that no conspiracy *1228 exists when the participants are on different sides of the transaction apply to our analysis. While federal law specifically requires that the participants commit an additional act beyond mere possession of contraband in order to be convicted of conspiracy to traffic, Florida law does not require an additional act. See 21 U.S.C. § 841(a)(1) (2006); § 893.135(b)1., Fla. Stat. (2003). Therefore, we find the better view is expressed in United States v. Miller, in which the Eighth Circuit held that "`evidence of multiple sales of resale quantities of drugs is sufficient in and of itself to make a submissible case of conspiracy to distribute.'" 91 F.3d 1160, 1162 (8th Cir.1996) (quoting United States v. Eneff, 79 F.3d 104, 105 (8th Cir.1996)). Although the court in Miller determined the same principle does not apply to repeated transactions of smaller amounts of drugs, we conclude that its rationale is persuasive because, under Florida law, a conviction for trafficking may be obtained based on mere possession. Thus, the evidence presented here of multiple sales of a resale quantity of cocaine permits a conviction on the lesser-included offense of conspiracy to purchase or possess cocaine with the intent to purchase.
Further, we find the concerns expressed in United States v. Moran, 984 F.2d 1299 (1st Cir.1993), that the special dangers of conspiracy are "not present if one merely sells the same cocaine to another without prearrangement and with no . . . interest in its intended use" unpersuasive, as the dangers of a conspiracy, such as the commission of other crimes in furtherance of the conspiracy, are present here. Accordingly, we remand with directions to reverse Appellant's conviction on Count II for conspiracy to traffic in cocaine and enter a conviction for conspiracy to purchase or possess cocaine with the intent to purchase, in violation of sections 777.04(3) and 893.13(2)(a)1., Florida Statutes (2003). We affirm all other issues raised by Appellant.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions consistent with this opinion.
KAHN, DAVIS, and THOMAS, JJ., concur.