967 So.2d 1102 (2007)
Philip LEIGH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2917.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
*1103 Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
COLBATH, JEFFREY, Associate Judge.
Appellant, Philip Leigh, appeals his conviction and sentence for conspiracy to traffic in cocaine and trafficking in cocaine. Appellant argues two errors warrant reversal: (1) that the trial court erred in admitting the hearsay statements of Appellant's co-conspirator, Malcolm Hawse, because there was no independent evidence that a conspiracy existed at the time Hawse made the statements and (2) that the court erred in denying Appellant's motion for judgment of acquittal on the trafficking charge because the purchase of cocaine was never completed. We disagree with both points raised by Appellant and affirm both convictions and sentences.
This case begins in August of 2003 when Alex Hernandez agreed to work as a confidential informant for the Plantation Police Department. At that time, Hernandez was working at a shipyard for Destiny Yachts. Malcolm Hawse, a day worker at the shipyard, contacted Hernandez about purchasing a large quantity of cocaine. Hawse told Hernandez that he had a friend that wanted to purchase up to 20 kilograms of cocaine. Hawse and Hernandez met and concluded their meeting with an agreement that Hernandez would supply Hawse with cocaine.
The next conversations took place in mid-December of 2003. Hawse told Hernandez that he was still interested in purchasing the cocaine and that his friend would finance the deal. The next day, Hawse told Hernandez that his friend was flying into town. On December 23, 2003, Hawse introduced Appellant, Philip Leigh, *1104 to Hernandez as the person with the money who would purchase the cocaine.
The record establishes that on December 29, 2003, Leigh, Hawse, and Hernandez met at the Town Motel in Plantation. Appellant entered the room with cash and handed Hernandez $39,500.00 to purchase the first two kilos of cocaine. Hernandez counted the money, left the room, and returned with two kilos of cocaine. Appellant and Hawse inspected and snorted the cocaine. Appellant then handed Hernandez another $19,750.00 to purchase a third kilo of cocaine. Hernandez left the room on the pretext of retrieving the third kilo of cocaine, whereupon the police entered the room and arrested Appellant and Hawse.
Appellant argues that out-of-court statements made between Hawse and Hernandez occurring before December 23, 2003, were inadmissible as evidence that Appellant was a participant in a conspiracy to traffic in cocaine. Pursuant to Florida Statutes section 90.803(18)(e), the following hearsay is admissible:
A statement by a person who was a coconspirator of the party during the course, and in furtherance, of the conspiracy. Upon request of counsel, the court shall instruct the jury that the conspiracy itself and each member's participation in it must be established by independent evidence, either before the introduction of any evidence or before evidence is admitted under this paragraph.
This exception to the hearsay rule "`requires (1) that these statements be made during and in furtherance of a conspiracy, and (2) that independent evidence establish the conspiracy before the statements are allowed.'" Arguelles v. State, 842 So.2d 939, 943 (Fla. 4th DCA 2003) (quoting Brooks v. State, 787 So.2d 765, 773 (Fla.2001)). As such, the question that must be addressed is "whether there was competent, independent evidence, without consideration of any hearsay statements of co-conspirators, to establish defendant as a participant in a conspiracy to traffic in cocaine." Christie v. State, 652 So.2d 932, 933 (Fla. 4th DCA 1995) (on rehearing). A defendant's participation in such a conspiracy must be established by a preponderance of the evidence. Id.
In order "[t]o establish a conspiracy and appellant's participation in it, the state must prove `an express or implied agreement or understanding between two or more persons to commit a criminal offense,' and an intention to commit that offense." Arguelles, 842 So.2d at 944 (quoting Sheriff v. State, 780 So.2d 920, 921 (Fla. 4th DCA 2001)). "Direct proof of the agreement is not necessary; it may be inferred from the circumstances." Arguelles, 842 So.2d at 944. Florida courts have upheld conspiracy convictions where defendants are involved in a series of meetings, arrangements and negotiations to sell or buy illegal drugs that lead to such sale or purchase. Pino v. State, 573 So.2d 151, 152 (Fla. 3d DCA 1991).
Only where, unlike this case, the defendant's involvement in the enterprise appears to be minimal at best, evincing no prearrangements with the other defendants . . . have Florida courts been inclined to reverse such conspiracy convictions. Indeed, the typical drug trafficking transaction involving a series of clandestine meetings between several defendants and an undercover police officer which eventually leads to a sale or purchase of illegal drugs, as here, presents the classic example of a criminal conspiracy; by definition, such a scenario inferentially establishes, as a general rule, a prior agreement among the defendants to effect a sale or purchase of illegal drugs, else such a sale or purchase *1105 with its complicated arrangements would never have taken place.
Id. at 152 (citations omitted).
Notwithstanding the hearsay statements in question, Appellant's participation in the December 23, 2003 and December 29, 2003 meetings sufficiently established his status as a co-conspirator by a preponderance of the evidence. Appellant's identification as the person with the money on December 23, followed less than a week later by the same parties meeting at a pre-established location where cocaine was offered and inspected in exchange for money that was produced and presented by Defendant himself, portrays the classic example of a criminal conspiracy inferentially establishing a prior agreement among the defendants to effect the sale of cocaine, else such a sale with its complicated arrangements would never have taken place. Pino v. State, 573 So.2d at 152. Furthermore, Defendant submits that he and Hawse questioned whether the cocaine brick packages were "thin," requiring Hernandez to bring a scale for weighing. Appellant's concern for the size of the cocaine bricks is additional inferential evidence of his stake in the deal.
Therefore, the State effectively met its burden by establishing competent, independent evidence of the conspiracy itself. Accordingly, the trial court did not err in admitting Hawse's out-of-court statements.
Appellant next argues that the trial court erred in denying his motion for judgment of acquittal on the trafficking in cocaine charge because Appellant never formally accepted the drugs. The four elements that the State must establish to prove a defendant is guilty of trafficking in cocaine are "`a) that the defendant knowingly purchased or possessed a certain substance, b) the substance was cocaine, c) the quantity was 28 grams or more, and d) the defendant knew the substance was cocaine.'" Snell v. State, 939 So.2d 1175, 1179 (Fla. 4th DCA 2006) (quoting Concepcion v. State, 857 So.2d 299, 300 (Fla. 5th DCA 2003)). Because Appellant was arrested while sitting a few feet away from the cocaine, the State needed to establish that he had constructive possession of the cocaine. "To establish constructive possession, the state must show that the accused had dominion and control over the contraband, knew the contraband was within his presence, and knew of the illicit nature of the contraband." Jordan v. State, 548 So.2d 737, 738-39 (Fla. 4th DCA 1989).
The State established Appellant's constructive possession of the cocaine when it showed at trial that Appellant paid for the cocaine, that the cocaine was placed on a table in front of Appellant, and that Appellant sampled the cocaine. As such, there was no error in the trial court's denial of Appellant's motion for judgment of acquittal.
Affirmed.
STONE and TAYLOR, JJ., concur.