LaROSE, Judge.
Donna L. Vasquez appeals her judgments and sentences for (1) racketeering conspiracy by possessing, delivering, or purchasing heroin or facilitating those acts, and (2) conspiracy to possess heroin.[1] See §§ 895.02(1), 895.03(3), (4), 893.13(6)(a), Fla. Stat. (2008-09). We have jurisdiction. See Fla. R.App. P. 9.140(b)(1)(A). We affirm in part and reverse in part.
The State filed a seven-count superseding information against nineteen people, which included the two counts at issue against Ms. Vasquez. She proceeded to jury trial with two codefendants on count II, the racketeering (RICO)[2] conspiracy, and count IV, conspiracy to deliver. She purchased heroin on numerous occasions that are alleged in the superseding information as the predicate RICO offenses under count I. The State’s evidence against Ms. Vasquez centered on her meetings with and phone calls to other charged individuals to obtain heroin, presumably for her use.
*275 Ms. Vasquez argues that the trial court erred in denying her judgment of acquittal motion on the RICO conspiracy charge because the State failed to establish that she was “associated with” the RICO enterprise. She asserts that she was only a buyer of drugs for her personal use with no intention of engaging in a RICO conspiracy.
We review the denial of the motion for judgment of acquittal de novo. Pagan v. State, 830 So.2d 792, 803 (Fla.2002); State v. Fagan, 857 So.2d 320, 321 (Fla. 2d DCA 2003). We affirm on this issue. In Gross v. State, 765 So.2d 39, 44 (Fla.2000), the supreme-court noted that RICO reaches groups of individuals “‘whose association, however loose or informal, furnishes a vehicle for the commission of two or more predicate crimes.’ ” Id. (quoting United States v. Cagnina, 697 F.2d 915, 920 (11th Cir.1983)). To prove the existence of a RICO enterprise, the State need only establish (1) an ongoing organization, formal or informal, with a common purpose of engaging in a course of conduct that (2) functions as a continuing unit. Id. at 45. Recognizing the clandestine nature of such enterprises, the supreme court observed that
by their very nature, criminal organizations are, in most instances, not structured like legitimate business entities. For obvious reasons, their activities usually require a great deal of secrecy, minimal exposure, and minimal contact among their members. Accordingly, direct evidence of a structure may be difficult to obtain.... [W]e agree ... that a “jury should be permitted to draw the natural inference arising from circumstantial evidence of association.”
Id. at 45-46 (citations omitted) (quoting United States v. Elliott, 571 F.2d 880, 898 (5th Cir.1978)).
A conspiracy exists where there is an express or implied agreement between two or more persons to commit a criminal offense and an intention to commit the offense. Schlicher v. State, 13 So.3d 515, 517 (Fla. 4th DCA 2009). The fact-finder may infer the agreement from the circumstances; direct proof is not. necessary. Generally, Florida courts have affirmed convictions for drug conspiracies where the “defendants are involved in a series of meetings, arrangements and negotiations to sell or buy illegal drugs that lead to such sale or purchase.” Id. (quoting Leigh v. State, 967 So.2d 1102, 1104 (Fla. 4th DCA 2007)).
Logic demands that the agreement that constitutes the conspiracy must be an agreement to commit the same criminal offense.... In a buy-sell transaction, that agreement usually does not exist because the buyer and seller each intend to commit a different criminal offense. As a result, there is no criminal conspiracy to pursue a common goal.

Id.

As to counts II and IV, Ms. Vasquez was tried with two of the other many individuals named in the superseding information. Count I, a RICO charge, named all defendants. The jury instructions recited the predicate offenses described in count I. The jury found on count II that “[t]he defendant is guilty of conspiracy to conduct or participate in an enterprise through a pattern of racketeering activity (RICO conspiracy).”
Although we offer no view as to whether the State overcharged Ms. Vasquez, we conclude that this case is similar to Pallin v. State, 965 So.2d 1226, 1227 (Fla. 1st DCA 2007). In the light most favorable to the State, Ms. Vasquez engaged in more than a “buy-sell” arrangement; resolution of count II was properly submitted to the jury-
*276 Ms. Vasquez’s involvement with group members spanned more than a three-month period and involved specific instructions on delivery of the heroin to various locations, often multiple times weekly. The amounts at issue, fourteen to twenty-eight grams and more than twenty-eight grams of heroin, seemingly constituted more than a user’s weekly supply. She apparently dealt with the organization leader and later with other suppliers in the group to consummate the deals.
“Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.”
Vargas v. State, 34 So.3d 44, 46 (Fla. 4th DCA 2010) (quoting Pagan v. State, 830 So.2d 792, 803 (Fla.2002)). Compare Davis v. State, 95 So.3d 340, 343 (Fla. 5th DCA 2012) (reversing conspiracy to traffic in cocaine conviction in a non-RICO case where defendant intended only to purchase and possess the cocaine; affirming conviction and sentence for trafficking in cocaine); with Vargas, 34 So.3d at 48 (finding sufficient evidence to show that defendant knew he was joining a criminal enterprise and that he specifically intended to engage in the crimes which the State ultimately charged as the predicate acts for racketeering). Vargas, however, cautioned the State when it decides which persons to charge with racketeering and conspiracy:
Despite our affirmance based on the evidence of this case, we join other courts in cautioning the state to use its prose-cutorial discretion wisely.... See State v. Otte, 887 So.2d 1186, 1190 n. 4 (Fla. 2004) (“[T]he target of RICO Act prosecutions will be [,] appropriately, the professional or career criminal and not non-racketeers who have committed relatively minor crimes.”) (citation omitted); Jackson v. State, 858 So.2d 1211, 1213 (Fla. 3d DCA 2003) (“[T]he concept of enterprise is not to be applied to ‘garden variety criminal undertakings.’ ”) (citation omitted); Mickenberg v. State, 640 So.2d 1210, 1211 (Fla. 2d DCA 1994) (“One danger that lurks in the criminal charge of conspiracy is the tendency to make the crime so elastic, sprawling and pervasive as to defy meaningful definition.”) (citation omitted).
34 So.3d at 48 n. 1.
Although we affirm as to the RICO conspiracy, count II, we agree, as the State concedes, that Ms. Vasquez cannot stand convicted of both that charge and conspiracy to possess the same heroin, count IV. Such dual convictions violate the double jeopardy clauses of the federal and state constitutions. See Amend. V, U.S. Const. (“[N]or shall any person be subject for the same offen[s]e to be twice put in jeopardy.”); art. I, § 9, Fla. Const. (“No person shall be ... twice put in jeopardy for the same offense.... ”); Rios v. State, 19 So.3d 1004, 1006-07 (Fla. 2d DCA 2009) (holding that convictions for both conspiracy to traffic in heroin and conspiracy to commit RICO violated double jeopardy); Negron Gil de Rubio v. State, 987 So.2d 217, 219 (Fla. 2d DCA 2008) (holding that convictions on multiple conspiracy counts arising from a single agreement violated double jeopardy); Durden v. State, 901 So.2d 967, 968 (Fla. 2d DCA 2005) (“A criminal conspiracy is the agreement to commit a criminal act or acts, and if a single agreement exists, only one conspiracy exists even if the conspiracy has as its objectives the commission of multiple offenses.”). We note that the trial court sentenced Ms. Vasquez to concurrent sen *277 tences of equal length on both charges. Given that the lesser punishable offense was for conspiracy to possess heroin, the trial court should vacate that conviction and sentence. See, e.g., Negron Gil de Rubio, 987 So.2d at 219.
Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA, J., concurs.
KELLY, J., concurs in result only.

. This latter conviction was a lesser offense from the original charge of conspiracy to deliver heroin. See §§ 893.03(l)(b), 893.135(5).

. The Florida RICO (Racketeer Influenced and Corrupt Organization) Act. See § 895.01.