EN BANC
COHEN, J.
Albert Hampton appeals from the judgment and sentence entered after a jury found him guilty of conspiracy to traffic in cocaine. On appeal, he argues that the evidence adduced at trial was insufficient to prove conspiracy to engage in trafficking. For support, Hampton relies on this Court’s opinion in Davis v. State, 95 So.3d 340 (Fla. 5th DCA 2012). We recede from our earlier opinion in Davis and affirm.
While investigating a drug trafficking operation in Sanford, Florida, the City County Investigative Bureau (“CCIB”) of the Seminole County Sheriffs Office learned of a man named Marcel Crichlow, a mid-level supplier who sold cocaine to lower-level dealers. The CCIB secured a wiretap on Crichlow’s phone, recording several conversations that exposed Hampton as one of the lower-level dealers to whom Crichlow sold cocaine. During these conversations, Crichlow discussed their drug transactions using code words.
*441 Based on these conversations, the State charged Hampton with conspiracy to traffic in cocaine. Crichlow testified as a State witness at Hampton’s trial. The State played for the jury the recorded conversations between Crichlow and Hampton. Crichlow testified as to the meaning of the code words used in the recorded conversations and explained that he regularly sold three to five ounce quantities of cocaine to Hampton. After the State rested, Hampton moved for a judgment of acquittal, which the trial court denied. The jury returned a guilty verdict, and this appeal followed. This Court reviews the denial of a motion for judgment of acquittal de novo. Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
Hampton argues the trial court fundamentally erred in denying his motion for judgment of acquittal because he and Cri-chlow did not agree to commit the same act, as Crichlow was the seller and Hampton was the buyer. Hampton relies on this Court’s opinion in Davis v. State, 95 So.3d 340, for support.
In Davis, the State presented evidence that the defendant agreed to sell cocaine to a man named Adams. The defendant argued that the evidence was insufficient to prove a trafficking conspiracy, and we agreed, holding:
Here, the State’s evidence was insufficient to establish conspiracy because it did not show an agreement between the defendant and any person to commit the same act of selling, purchasing, delivering, or possessing cocaine. Instead, the evidence simply established the planning and execution of a buy-sell transaction between the defendant and Adams.
Id. at 342 (emphasis added). For support, we relied on Schlicher v. State, 13 So.3d 515 (Fla. 4th DCA 2009), in which the Fourth District held that the evidence of a buy-sell transaction was insufficient to establish a conspiracy to purchase cocaine. In so holding, the Schlicher court explained:
Logic demands that the agreement that constitutes the conspiracy must be an agreement to commit the same criminal offense. In a buy-sell transaction, that agreement usually does not exist because the buyer and seller each intend to commit a different criminal offense. As a result, there is no criminal conspiracy to pursue a common goal. Such is the case here, where [the buyer] and [the seller] were on opposite sides of the drug transactions. Accordingly, there was no evidence of an express or implied agreement between [the buyer] and [the seller] to commit the common criminal offense of purchase of cocaine.
13 So.3d at 517-18 (emphasis added) (footnote and citation omitted). Analogizing the case to Schlicher, the Davis court concluded:
As in Schlicher, the evidence here failed to demonstrate any agreement or concurrent intent between the defendant and Adams to join in the same act of selling, purchasing, delivering, or possessing a particular item of cocaine. Rather, the evidence demonstrated that the defendant intended to possess and then to sell and deliver the cocaine, and Adams intended to purchase and then possess the cocaine.
95 So.3d at 343 (emphasis added).
Under Davis, we would be bound to reverse Hampton’s conviction because the State “did not show an agreement between the defendant and any person to commit the same act of selling, purchasing, delivering, or possessing cocaine.” Id. at 342. Because the evidence was insufficient to establish conspiracy to traffic in cocaine, the trial court’s denial of Hampton’s motion for judgment of acquittal would have amounted to fundamental error. See F.B. *442 v. State, 852 So.2d 226, 280 (Fla.2003) (stating that “argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved” for appellate review because “such complete failure of the evidence meets the requirements of fundamental error”). In arguing for affirmance, however, the State submits that we should recede from Davis because our decision there was based on an erroneous interpretation of the trafficking conspiracy statute. We agree.
The offense of trafficking in cocaine is committed when “[a]ny person ... knowingly sells, purchases, manufactures, delivers, or brings into this state, or ... is knowingly in actual or constructive possession of, 28 grams or more of cocaine ... but less than 150 kilograms of cocaine.” § 893.185(l)(b)l., Fla. Stat. (2011). A conspiracy to engage in trafficking is committed when “[a]ny person ... agrees, conspires, combines, or confederates with another person to commit any act prohibited by [section 893.135(1) ].” § 893.135(5), Fla. Stat. (emphasis added). The interpretation of the words “any act” governs our conclusion in this case.
We conclude that the Davis court interpreted the “any act” language too narrowly. In our view, the Davis court’s interpretation is contrary to the very nature of conspiracy. Often, members of a conspiracy play different roles, and, in drug trafficking cases, the conspiracy might involve the manufacture, transportation, storage, sale, or purchase of the drugs. Thus, evidence that each conspirator agreed to commit any act that constitutes trafficking — whether it be the sale, purchase, possession; delivery, or manufacture of drugs, or the bringing of drugs into the state — is sufficient to support a conviction for conspiracy to traffic.
Although not critical to our analysis, we note that our view is consistent with legislative intent. It does not appear that the Legislature intended to make it more difficult to establish conspiracy to commit trafficking than it would be to establish conspiracy to commit any other crime under section 777.04(3), which merely requires that the co-conspirators agree to commit the same offense, not the same act. To the contrary, in enacting section 893.135(5), the Legislature intended for trafficking conspirators to be punished just as harshly as actual traffickers.[1] See § 893.135(5), Fla. Stat. (providing that one who conspires to traffic in cocaine “is punishable as if he or she had actually committed [trafficking]”); see also Ellis v. State, 475 So.2d 1021, 1023 (Fla. 2d DCA 1985) (recognizing that “the legislative intent behind section 893.135’s minimum mandatory sentencing requirements for certain drug offenses is to provide severe punishment for those who are engaged in narcotic trafficking in an effort to take strong measures to combat Florida’s drug problems”).
Based on our interpretation of section 893.135(5), we deem it appropriate to recede from Davis because there, both the defendant and the seller agreed to commit the same offense-trafficking. We believe that the Davis court’s reliance on Schlicher was misplaced because Schlicher did not involve an alternative conduct statute. Instead, the defendant in Schlicher was charged with conspiracy to purchase cocaine, rather than conspiracy to traffic in cocaine. The Schlicher court properly held that the conspiracy conviction could not stand because, based upon the charges *443 brought, Schlieher and the seller did not agree to commit the same offense, as Schlieher was agreeing to buy the cocaine, whereas the seller was agreeing to sell it. In contrast, in Davis, the defendant was charged with conspiracy to traffic in cocaine. Trafficking in cocaine is an offense that can be committed in a variety of ways. Thus, the buyer and seller in Davis were, in fact, agreeing to commit the same crime (trafficking), albeit in different ways (one by purchasing, the other by selling).
In sum, because the State presented evidence that Hampton and Crichlow agreed to commit the same offense — trafficking in cocaine — the trial court properly denied Hampton’s motion for judgment of acquittal.[2] Accordingly, we affirm. Because this opinion conflicts with our prior holding in Davis, we recede from Davis en banc.
AFFIRMED; RECEDE FROM DAVIS.
GRIFFIN, SAWAYA, PALMER, ORFINGER, and BERGER, JJ., concur.
TORPY, C.J., concurs with opinion.
LAWSON, J., dissents with opinion in which EVANDER and WALLIS concur.

. Generally, criminal conspiracies are scored one severity level below the completed offense. See Fla. R. Crim. P. 3.702(d)(6).

. We note that the Second District has similarly concluded that evidence of a buy-sell agreement is sufficient to establish a prima facie case of conspiracy to traffic in cocaine. See State v. Russell, 611 So.2d 1265, 1267 (Fla. 2d DCA 1992) (reversing dismissal of conspiracy to traffic charge, even though "[t]he state’s only evidence consisted of recorded telephone conversations between [the defendant] and one of the other defendants which only indicated buy/sell transactions between those two”).