# Third District Court of Appeal

## State of Florida

Opinion filed June 3, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-773
Lower Tribunal No. 13-311-C-K
_____

**The State of Florida,**
Appellant,

vs.

**Joshua Isaac Roth,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Tegan Slaton, Judge.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Howard K. Blumberg, Assistant Public Defender, and Eneami Bestman, Certified Legal Intern, for appellee.

Before SHEPHERD, C.J., and WELLS and SALTER, JJ.

PER CURIAM.

The State of Florida appeals a circuit court order dismissing without prejudice a second amended information charging the appellee and a co-defendant with conspiracy to traffic in illegal drugs (oxycodone), 28 grams or more. We reverse.

The issue is whether the count including the appellee was legally sufficient under Florida Rule of Criminal Procedure 3.140(d)(1). The second amended information charged that:

> between on or about March 7, 2013, and on or about April 6, 2013, in the Eleventh and Sixteenth Judicial Circuits of Florida, to-wit: Miami-Dade and Monroe Counties, Defendants, ALBERTO VIZCAINO GONZALEZ and JOSHUA ISAAC ROTH, did knowingly and unlawfully agree, conspire, combine, or confederate with each other, IHOBEL PEREZ, YOSBEL FLORES-RODRIGUEZ, JULIO ABREU, and others unknown to sell, purchase, deliver **and/or** actually or constructively possess 28 grams or more of oxycodone, or any salt, derivative, isomer, or salt of an isomer thereof, as described in s. 893.03(2)(a), or 28 grams or more of any mixture containing any such substance, but less than 30 kilograms, in violation of Florida Statutes 893.135(1)(c)1.c & 893.135(5), and against the peace and dignity of the State of Florida.

(Emphasis provided).

The trial court concluded that the use of "and/or" charged the purpose of the alleged conspiracy in the "disjunctive conjunction," such that the charge "does not give a common man the understanding to know what was intended (as the alleged purpose of the purported conspiracy) and, therefore, what is actually charged." The court held that the charge was required to state "**the**" object or purpose of the

2

conspiracy rather than "conjunctive or alternative purposes of the conspiracy." (Emphasis in original).

A review of the charge, however, discloses that the object of the conspiracy alleged was trafficking in oxycodone and that the pertinent statutory provisions were included. In State v. Mena, 471 So. 2d 1297, 1300-01 (Fla. 3d DCA 1985), we acknowledged that "the allegations of the manner or means by which [a] trafficking offense was to be committed are unnecessary to the adequacy of the conspiracy charge." The offense of trafficking can be committed by one or more of the several acts delineated in the statute, including sale or delivery. A conspiracy to commit trafficking only requires that the co-conspirators agree to commit the same specified offense, not the same act. Hampton v. State, 135 So. 3d 440 (Fla. 5th DCA 2014).

Florida Rule of Criminal Procedure 3.140(k)(5) further supports this analysis:

> (5) *Alternative or Disjunctive Allegations*. For an offense that may be committed by doing 1 or more of several acts, or by 1 or more of several means, or with 1 or more of several intents or results, it is permissible to allege in the disjunctive or alternative such acts, means, intents, or results.

For these reasons, the order of dismissal is reversed, and the case is remanded for further proceedings.