IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHNNIE CLARENCE GEORGE,

   Appellant,

 v.             Case No.  5D16-2190

STATE OF FLORIDA,

   Appellee.

_____/

Opinion filed January 27, 2017

Appeal from the Circuit Court
for Osceola County,
A. James Craner, Judge.

James S. Purdy, Public Defender, and
Edward J. Weiss, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.

  Johnnie Clarence George ("Appellant") appeals from his convictions for sale or

delivery of cocaine within 1000 feet of a park and conspiracy to sell or deliver cocaine

within 1000 feet of a park.  We affirm the conviction for the sale or delivery of cocaine

without further discussion. However, we reverse the conspiracy conviction because there is a complete failure of proof to establish the commission of this crime.

Section 777.04(3), Florida Statutes (2015), provides, in pertinent part, that "[a] person who agrees, conspires, combines, or confederates with another person or persons to commit any offense commits the offense of criminal conspiracy." In this case, the State alleged that Appellant conspired with Shaun Graham ("Graham") and "other persons known or unknown" to commit the offense of sale or delivery of cocaine within 1000 feet of a park. Viewing the sufficiency of the evidence presented at this brief trial in the light most favorable to the State,[1] a confidential informant ("CI"), acting on behalf of the St. Cloud Police Department, drove her vehicle up to a driveway where Appellant and Graham were standing. The CI first attempted to purchase crack cocaine from Graham, but he did not have any. Appellant then walked up to the window of the CI's vehicle and began talking with the CI. Appellant directed the CI to pull her vehicle up to a different location and indicated to her that he could provide her with cocaine from one of his sources. Appellant then left on his bicycle, traveled to two separate houses, and came back with crack cocaine, which he proceeded to sell to the CI for $40.

Conspiracy is a separate and distinct crime from the offense which is the object of the conspiracy. *See Swindle v. State*, 254 So. 2d 811, 812 n.2 (Fla. 2d DCA 1971) (citing *Brown v. State*, 178 So. 153 (Fla. 1938)). As we explained in *Green v. State*, 999 So. 2d 1098 (Fla. 5th DCA 2009):

---

[1] The deferential standard of appellate review to claims of insufficiency of the evidence asks whether there is competent substantial evidence to support the verdict and judgment after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal. *F.B. v. State*, 852 So. 2d 226, 230 (Fla. 2003) (citing *Tibbs v. State*, 397 So. 2d 1120, 1123 (Fla. 1981)).

> The crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of the crime. *Young v. State*, 940 So. 2d 543, 544 (Fla. 5th DCA 2006). A conspiracy may be proven with circumstantial evidence and proof of the formal agreement is not necessary. However, evidence that a defendant was merely present at the scene of the crime, had knowledge of the crime, or even aided others in the commission of the crime is insufficient, by itself, to support a conspiracy conviction. *Id.* Rather, the State's evidence must show that the defendant entered into an agreement with another to commit the crime and intended to commit the crime.

999 So. 2d at 1099.

The State first argues that Appellant did not preserve for appellate review his claim that the evidence was insufficient to establish the commission of a conspiracy because Appellant failed to challenge the sufficiency of the evidence below. Appellant acknowledges that he did not move for a judgment of acquittal on this count at trial, but argues that where the evidence is insufficient to establish that a crime was committed at all, this constitutes fundamental error and need not be preserved for appellate review. *See F.B. v. State*, 852 So. 2d 226, 230 (Fla. 2003) (stating that "argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved" for appellate review because "[s]uch complete failure of the evidence meets the requirements of fundamental error"); *O'Connor v. State*, 590 So. 2d 1018, 1019 (Fla. 5th DCA 1991) (reversing conviction for conspiracy to traffic in cocaine because, although not argued to the trial court, the complete failure of proof to support the conspiracy charge constitutes fundamental error (citations omitted)).

Appellant's alleged co-conspirators were Shaun Graham and other "known or unknown" persons. "[A] defendant charged with conspiracy may be convicted of

3

conspiring with persons whose names are unknown; however, the evidence must show that an unnamed coconspirator did exist and that the defendant conspired with him." *O'Connor*, 590 So. 2d at 1020 (citing *State v. Rodriguez-Jimenez*, 439 So. 2d 919 (Fla. 3d DCA 1983) (additional citations omitted)). Here, other than the fact that Appellant went to two houses and returned with the crack cocaine used to consummate the transaction with the CI, there was no evidence of any meetings, conversations, or pre-arrangements from which the jury could infer the existence of an agreement between Appellant and unnamed or unknown persons to commit a criminal offense. As we observed in *O'Connor*, where there was a similar lack of evidence of any agreement to conspire, if the analysis as to whether a conspiracy to traffic in cocaine existed only required the seller to have obtained the drugs from another, then "every person who sold drugs would also be guilty of conspiracy on the rationale that he must have gotten it from someone else." *Id.*

As to Appellant conspiring with Graham, our opinion in *Gray v. State*, 526 So. 2d 1020 (Fla. 5th DCA 1988), is instructive. In *Gray*, the State proved at trial that an informant walked up to an individual named Burley and asked him if he was selling cocaine. 526 So. 2d at 1021. Burley said no and took the informant to Gray. *Id.* The informant handed money to Burley, who handed it to Gray, who handed cocaine to Burley, who handed it to the informant. *Id.* In reversing Gray's conviction for conspiracy to deliver cocaine, we concluded that because there was no proof of any pre-arrangement, any prior discussions or plans, or anything else done in preparation for the above-described events, there was an absence of proof that Burley and Gray conspired together to commit the crime or did anything other than engage in the one transaction. *Id.* In the present

4

case, the quantum of evidence of a conspiracy between Appellant and Graham to sell or deliver cocaine is less than that in *Gray.*

Accordingly, we reverse Appellant's conviction and sentence for conspiracy to sell or deliver cocaine within 1000 feet of a park. Further, because Appellant's total sentence points on his Criminal Punishment Code scoresheet will now be reduced, and it is not clear in our record whether the trial court would have imposed the same sentence upon Appellant if he had only been convicted of sale or delivery of cocaine within 1000 feet of a park, we remand for resentencing on this conviction with a corrected scoresheet.[2] *See Fernandez v. State*, 199 So. 3d 500, 502 (Fla. 2d DCA 2016) ("In general, when the vacation of a conviction would result in changes to the defendant's scoresheet, the defendant is entitled to be resentenced using a corrected scoresheet" that utilizes only his actual convictions. (citations omitted)).

AFFIRMED in part; REVERSED in part; and REMANDED.

SAWAYA and EVANDER, JJ., concur.

---

[2] Based upon Appellant's extensive criminal record, the trial court sentenced him to serve fifteen years in prison, designating Appellant as a habitual felony offender. While the trial court has the discretion to do so, we take no position regarding whether or not the court should impose the same sentence upon Appellant.