CIKLIN, J.
The state charged Raoul Predvil with trafficking in cocaine, conspiracy to traffic in cocaine, and possession of less than twenty grams of cannabis. After a trial in 2009, a jury acquitted Predvil of both the trafficking and possession charges, but convicted him of conspiracy. Predvil appeals this conviction, arguing that there was no evidence that he actually participated in a conspiracy. We agree and reverse Predvil’s conviction and remand with instructions for the trial court to enter a judgment of acquittal.
Our decision to reverse the conspiracy conviction is based upon the following legal principles:
[O]nly where ... the defendant’s involvement in the enterprise appears to be minimal at best, evincing no prear-rangements with the other defendants, or where ... the defendant has been acquitted of an accompanying drug trafficking charge, thereby discrediting much, if not all of the evidence against the defendant, have Florida courts been inclined to reverse such conspiracy convictions. Indeed, the typical drug trafficking transaction involving a series of clandestine meetings between several defendants and an undercover police officer which eventually leads to a sale or purchase of illegal drugs ... presents the classic example of a criminal conspiracy; by definition, such a scenario inferentially establishes, as a general rule, a prior agreement among the defendants to effect a sale or purchase of illegal drugs, else such a sale or purchase with its complicated arrangements would never have taken place.
Dieujuste v. State, 86 So.3d 1209, 1212-13 (Fla. 4th DCA 2012) (quoting Pino v. State, 573 So.2d 151, 152 (Fla. 3d DCA 1991)).
In the instant case, the jury acquitted Predvil of the accompanying trafficking charge; thus we are required to discredit “much, if not all of the evidence” against him for the conspiracy charge. Further, we have thoroughly reviewed the record and find that, while it may be possible that Predvil aided and abetted in the sale of cocaine during a single transaction, there was no evidence that Predvil actually entered into a conspiracy to traffic cocaine. Just as in Dieujuste, the state’s evidence was “insufficient to establish [Predvil’s] participation in a conspiracy, since there was no evidence of any meetings, conversations, or pre-arrangements between [Predvil and the alleged co-conspirator] from which the jury could infer the existence of an agreement.” Id. at 1213.
Therefore, we reverse Predvil’s conviction and remand for the trial court to enter a judgment of acquittal.

Reversed and remanded with instructions.

DAMOORGIAN, C.J., and CONNER, J., concur.